## UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF FLORIDA
## ORLANDO DIVISION

| | |
|---|---|
| RICARDO BEZE PRATES,<br>ROXANA M. SAADE DIAZ GRANADOS,<br>FERNANDO DE ANDRADE, *on behalf of themselves and all others similarly situated*,<br><br>                      Plaintiffs,<br>    v.<br><br>WESTGATE RESORTS, LTD,<br> *a Florida Limited Partnership*,<br><br>                      Defendants. | Civil Action No.: 6:16-cv-217-orl-41-TBS<br><br>**CLASS ACTION<br>COMPLAINT**<br><br>**JURY TRIAL DEMANDED** |

**COME NOW**, Plaintiffs, RICARDO BEZE PRATES, ROXANA M. SAADE DIAZ GRANADOS, and FERNANDO DE ANDRADE (hereinafter, "Plaintiffs"), by and through the undersigned counsel, on behalf of themselves and all others similarly situated, and bring this Class Action Complaint against the Defendant, WESTGATE RESORTS, LTD. (hereinafter, "Westgate") and allege as follows:

### NATURE OF THIS CASE

1. This is a class action brought pursuant to Rule 23, Federal Rules of Civil Procedure, against Defendant for its routine and systematic violations of the Florida Deceptive and Unfair Trade Practices Act.

2. Plaintiffs bring this class action on behalf of themselves and all other similarly situated consumers who have been harmed by Westgate's deceptive and unfair trade practices in the marketing and sale of Westgate-branded timeshare interests. In particular, Westgate has preyed upon foreign language speakers by providing such consumers with marketing materials

written in the consumer's native, non-English language and/or conducting tours and sales presentations orally in the consumers' native, non-English language, but then providing consumers with sales contracts and sales-related disclosures written only in English and not providing consumers with accurate translations of such documents into the same language Westgate used in its marketing materials and sales presentations.

3. Westgate is in the business of selling timeshare interests for Westgate-branded timeshare resorts located throughout the State of Florida and the United States.

4. Westgate markets to consumers throughout Florida and the United States, as well as to consumers located in numerous countries in Central and South America, all in an effort to sell timeshare interests for Westgate-branded timeshare resort properties located in the State of Florida.

5. A key component of Westgate's marketing scheme is to entice consumers, particularly visitors to the Orlando area, to tour its Westgate-branded timeshare resort properties located in Florida. As a part of this marketing scheme, Westgate targets consumers with limited or no English proficiency through print advertising written in various languages other than English. An example of Westgate's print advertising written in Portuguese and provided to Plaintiffs is attached hereto and incorporated herein as Exhibit A.

6. When consumers, such as Plaintiffs, arrive at a sales center or on a Westgate-branded timeshare resort property for a tour, Westgate's representatives determine the consumers' preferred language and assign a sales representative who speaks the consumers' preferred, non-English language to provide a sales presentation. Westgate, through its representatives, documents consumers' preferred language choice on a form document. True and

correct copies of the form documents reflecting the Plaintiffs' choice of Portuguese are attached hereto as composite Exhibit B.

7. There are sales agents at Westgate-branded timeshare resorts who are fluent in a number of non-English languages, including but not limited to Spanish, Portuguese, and Tagalog. When a consumer has indicated a preferred language other than English, Westgate has trained its representatives to assign that consumer a sales agent who is fluent in the consumer's preferred, non-English language, and that sales agent gives a tour and sales presentation to the consumer in the consumer's preferred, non-English language.

8. Following the sales presentation and tour, the assigned Westgate sales agent ensures that consumers who have decided to purchase a timeshare interest sign all documents necessary to purchase the timeshare interest including, in many cases, a credit application. In addition, the assigned Westgate sales agent provides such consumers a number of written disclosures that are required by Florida or Federal law, including but not limited to disclosures required by the Florida Vacationing Plan and Timeshare Act, the Truth in Lending Act, and the Real Estate Settlement Procedures Act.

9. Regardless of the consumer's preferred language choice and regardless of the language spoken by the sales agent during the tour and sales presentation, Westgate's representatives provide the consumer with the sales contract, any credit application and all other sales-related written disclosures only in English. Westgate's representatives do not provide or present the consumer with versions of the sales contract, credit application, or other written disclosures translated into the language used by the sales representative during the tour and sales presentation if that language was anything other than English. Indeed, Westgate's representatives do not provide a purchasing consumer with any documents, other than

Westgate's marketing materials, which are written in a consumer's preferred, non-English language, at the time the consumer purchases a timeshare interest or at any time thereafter.

10. A copy of the sales contract, credit application, and written disclosures translated into the same language as the marketing materials and sales presentation is essential for a consumer to understand his or her rights and obligations as well as to determine whether what he or she is being sold matches what he or she has been told. In addition, many contract terms and nuances can easily be lost when the consumer is required to review them in English but the consumers' preferred or native language is a language other than English. Without the consumer being able to review documents in his or her preferred or native, non-English language following a sales presentation that was made in the consumer's preferred or native, non- English language, there can be no meeting of the minds regarding the consumer's purported purchase of a timeshare interest.

11. Indeed, among the documents that Westgate requires a consumer to sign is a contract containing a clause, written only in English, which indicates the consumer is not relying upon any oral representations made during the timeshare presentation in deciding to purchase a timeshare interest from Westgate. However, with respect to consumers for whom Westgate's representative shave given a sales presentation conducted in their preferred, non-English language but then given sales-related documents written only in English, those consumers have nothing but the oral representations of the Westgate sales agent upon which to rely and therefore have absolutely no protection against any oral misrepresentations, unintentional or otherwise, made to them during the tour and sales presentation. See Exhibit C.

12. In sum, Westgate fails to ensure clear and conspicuous disclosures are provided to consumers with limited or no English proficiency by instructing its sales agents to give sales

presentations in the consumer's preferred, non-English language but then provide contracts, credit applications, and other written disclosures in English only.

13. As a result of the deceptive sales practices of Defendant Westgate's representatives in marketing and selling timeshare interests to consumers in the consumers' preferred, non-English language while not providing those consumers with any contract or other sales-related documents translated into that same language, consumers – including Plaintiffs and members of the proposed Class – have purportedly purchased a timeshare interest and signed a corresponding promissory note which they could not bargain for nor understand.

14. Plaintiffs bring this action on behalf of themselves and other similarly situated consumers who have purchased Westgate-branded timeshare interests after Westgate representatives marketed and provided them a tour and sales presentation in a language other than English but yet provided a contract and other sales-related documents written only in English. Plaintiffs seek damages, recession, and an injunction to stop Westgate from continuing its unfair and deceptive trade practices identified in this Complaint, for themselves and on behalf of a class of similarly situated consumers.

## PARTIES

15. Plaintiffs Ricardo Beze Prates and Roxana M. Saade Diaz Granados are foreign nationals residing in Brazil.

16. On or about September 19, 2014, Plaintiffs Ricardo Prates and Roxana Diaz Granados visited Orlando, Florida, and after touring a Westgate-branded timeshare resort located in Florida, they purchased a timeshare interest from Westgate while they were in Orlando, Florida.

17. Plaintiff Fernando de Andrade is a foreign national who resides in Brazil.

5

18. On or about February 9, 2012, Plaintiff Fernando de Andrade visited Orlando, Florida, and after touring a Westgate-branded timeshare resort located in Florida, he purchased a timeshare interest from Westgate while he was in Orlando, Florida.

19. Defendant Westgate is a Florida Limited Partnership existing under the laws of the State of Florida with its principal address at 5601 Windhover Drive, Orlando, Florida 32819 that, itself and through its subsidiaries, regularly advertises and sells timeshare interests to consumers for Westgate-branded timeshare resorts located in Florida.

20. Defendant Westgate is a timeshare developer that owns and manages a number of individual timeshare resorts located throughout Florida and the United States under the "Westgate" brand.

21. While any specific Westgate-branded timeshare resort may be owned by a separate entity from Defendant Westgate, Defendant Westgate is the controlling or ultimate managing entity of each such Westgate-branded timeshare resort.

22. In particular, Defendant Westgate is responsible for the training of all sales personnel at each Westgate-branded resort and is responsible for overseeing and directing the sales practices of all sales agents at any Westgate-branded timeshare resort.

23. Defendant Westgate is responsible for the design and content of all marketing materials provided to the consuming public regarding any Westgate-branded timeshare resort.

24. Defendant Westgate is responsible for the preparation and content of all forms, including form contracts and form disclosures, used by sales agents when selling any timeshare interests at any Westgate-branded timeshare resort.

25. Accordingly, for the purposes of the conduct alleged in this complaint, Defendant Westgate is responsible as the principal for the actions of the employees and agents of any

purportedly separate corporate entity that may own or operate any particular Westgate-branded timeshare resort.

## JURISDICTION AND VENUE

26. This Court has original jurisdiction pursuant to 28 U.S.C. § 1332(d)(2) in that the matter in controversy, exclusive of interest and costs, exceeds the sum of value of $5,000,000 and is a class action in which members of the Class are citizens of a foreign state different from Defendant.

27. This Court has personal jurisdiction over the Plaintiffs because they submit to the jurisdiction of this Court.

28. This Court has personal jurisdiction over Defendant because Defendant is headquartered and transacts a significant amount of business in Florida.

29. Venue is proper in this District, pursuant to 28 U.S.C. § 1391, as Defendant Westgate resides in this Judicial District and the tour, sales presentation and the alleged sale and purchase of the Westgate timeshare interests at issue in this Complaint took place within this Judicial District for timeshare resorts located within this District.

## FACTUAL ALLEGATIONS

30. Defendant Westgate, itself and through its representatives and agents, entices consumers to tour its timeshare resorts in Florida by offering discounted travel or discounted theme park tickets to consumers on the condition that the consumers take a tour of a Westgate resort and attend a sales presentation on a Westgate-branded timeshare resort property.

31. Upon arriving at a Westgate-branded timeshare resort property to take the obligatory tour and attend the required sales presentation, consumers are given the option to choose a language preference in which Westgate will perform the tour and sales presentation.

32. On or about February 9, 2012, Plaintiff Fernando de Andrade agreed to tour a Westgate timeshare resort located in Orlando, Florida, in exchange for discounted theme park tickets for use while he was visiting the Orlando area as a tourist from Brazil.

33. When Mr. Andrade arrived at the Westgate timeshare resort for his tour and sales presentation, a Westgate representative provided him with a form to complete on which he chose Portuguese as his preferred language. See Exhibit B.

34. Defendant Westgate's sales agent Christian Posegger gave the tour and sales presentation to Plaintiff Fernando de Andrade exclusively in Portuguese.

35. On or about September 19, 2014, Plaintiffs Ricardo Prates and Roxana Diaz Granados agreed to tour a Westgate timeshare resort located in Orlando, Florida, in exchange for discounted theme park tickets for use while they were visiting the Orlando area as tourists from Brazil.

36. When Plaintiffs Ricardo Prates and Roxana Diaz Granados arrived at the Westgate timeshare resort for their tour and sales presentation, a Westgate representative provided them with a form to complete on which they chose Portuguese as their preferred language. See Exhibit B.

37. Defendant Westgate's sales agent Patricia Santos gave the tour and sales presentation to Plaintiffs Ricardo Prates and Roxana Diaz Granados exclusively in Portuguese.

38. Plaintiffs attended a sales presentation conducted completely in Portuguese while they were each physically present at a Westgate timeshare resort located in Orlando, Florida. During this sales presentation, Portuguese speaking Westgate representatives extolled the alleged benefits of the purchase of a timeshare from Westgate.

39. In addition, Westgate representatives provided Plaintiffs with marketing materials written in Portuguese while they were taking a tour of a Westgate timeshare resort and were physically present in Orlando, Florida. True and correct copies of the marketing materials Westgate provided to Plaintiffs are attached hereto as Exhibit A.

40. Plaintiffs are informed and believe that Westgate has engaged in the same conduct with respect to other similarly situated individuals, specifically enticing foreign language speaking individuals or individuals with limited English proficiency to attend a tour at a Westgate timeshare resort, asking those individuals to select a preferred language other than English for the tour, then conducting the tour and sales presentation in the individual's selected, preferred non-English language, but at the time of sale, providing those individuals with English-only versions of the sales contract, credit application and sales-related disclosures.

41. Westgate has translated, and has the capacity to translate, marketing materials from English to foreign languages. See Exhibit D. Despite its ability to provide documents to consumers in foreign languages, Westgate intentionally chooses not to provide translations of the sales contract, credit application and other sale-related disclosure documents that it provides to non-English speaking individuals or individuals with limited English proficiency who have been given a tour and sales presentation in a language other than English.

42. Westgate, through its representatives, knew that Plaintiffs, and other similarly situated individuals, had a limited proficiency in, and did not fully understand, the English language, as evidenced by Westgate's marketing materials having been prepared in the consumers' native language, by the consumer choosing a language preference other than English prior to signing any documents, and the tour and sales presentation being performed solely in the consumers' preferred, non-English language.

43. After the sales presentation, Westgate required Plaintiffs and other similarly situated consumers to sign numerous documents in English to complete the purchase transaction. These documents include the following: Purchase Agreement, RESPA Servicing Disclosure Statement, Truth in Lending Disclosure, Good Faith Estimate, Note, Credit Application, Warranty Deed and Lien on Real Property, and an Acknowledgement of Representations among other documents (hereinafter, "Documents").

44. At the time of purchase, Westgate's commission-based sales representative briefly and quickly summarized orally, in the Plaintiffs' and other similarly situated consumers' preferred, non-English language, a few of the multiple pages found in the Documents.

45. Westgate failed to provide Plaintiffs and other similarly situated consumers the time to find an independent translator or interpreter who could assist them in understanding the Documents.

46. Westgate failed to provide Plaintiffs and other similarly situated consumers with an independent translator or interpreter who could assist them in understanding the Documents.

47. Westgate representatives failed to provide a complete and accurate translation of the Documents at the time of purchase.

48. Westgate failed to provide Plaintiffs and other similarly situated consumers with a copy of translated Documents prior to, at the time of, or after signing the Documents in the consumers' preferred language or the language in which the sales presentation occurred.

## CLASS ACTION ALLEGATIONS

49. As detailed below in the individual counts, Plaintiffs bring this lawsuit on behalf of themselves and all others similarly situated, pursuant to Rule 23(a), (b)(2) and (b)(3) of the Federal Rules of Civil Procedure.

50. Plaintiffs seek to represent the following class:

> All consumers who, within four years prior to the filing of this complaint, have purchased a timeshare interest from Westgate for a Westgate-branded timeshare resort located in Florida after attending a tour and sales presentation at a Westgate-branded timeshare resort located in Florida during which the sales presentation was made to the consumer in a language other than English but the sales contract and all other written sales-related disclosures were provided to the consumer only in English.

Excluded from the above class are Defendants and their officers, directors and employees and the court to which this case may be assigned, as well as any Judge to whom this action is assigned, and any member of such Judge's staff and immediate family.

51. *Numerosity*. Members of the Class are so numerous and geographically dispersed throughout the world and the United States such that joinder of all members in a single action is impracticable. While the exact number of Class members remains unknown at this time, upon information and belief, there are hundreds, with the potential of thousands, of putative Class members located throughout the United States and abroad.

52. *Existence and Predominance of Common Questions of Law and Fact*. This action involves common questions of law and fact, which predominate over any questions affecting individual class members. These common legal and factual questions include, but are not limited to, the following:

   a. whether Defendant is responsible for the creation and implementation of a uniform sales practice in conducting sales presentations at Westgate-branded timeshare resorts located in Florida in consumers' preferred, non-English languages and providing written marketing materials to consumers in languages other than English while providing consumers with contracts, credit applications, and other sale-related disclosures only in English;

11

b. whether Defendant's conduct described herein violates the Florida Deceptive and Unfair Trade Practices Act, F.S. §§ 501.201, *et. seq.*;

c. whether Defendant has been unjustly enriched to the detriment of Plaintiffs and the Class;

d. whether Plaintiffs and the Class have sustained damages as a result of the conduct alleged herein and, if so, what is the proper measure of such damages; and

e. whether Plaintiffs and Class members are entitled to declaratory and injunctive relief.

53. ***Typicality***. Plaintiffs' claims are typical of the claims of the members of the class because, *inter alia*, all Class members were injured through the uniform misconduct described above, were subject to Defendant's deceptive sales and purchase practices, including being provided a contract, credit application and other sales-related disclosures in English following a tour and sales presentation having been conducted in a different language. Plaintiffs are advancing the same claims and legal theories on behalf of themselves and all members of the Class.

54. ***Adequacy of Representation***. Plaintiffs will fairly and adequately protect the interests of the members of the Class. Plaintiffs have retained counsel experienced in complex consumer class action litigation, and Plaintiffs intend to prosecute this action vigorously. Plaintiffs have no adverse or antagonistic interests to those of the class.

55. ***Superiority***. A class action is superior to other available methods for the fair and efficient adjudication of this controversy. Class Members number in the hundreds or thousands and individual joinder is impracticable. The expense and burden of individual litigation would make it impracticable or impossible for proposed class members to prosecute their claims

individually. Most individual Class Members have little ability to prosecute an individual action due to the complexity of the issues involved in this litigation and the significant costs attendant to litigation on this scale compared to the comparatively lower damages suffered by individual Class Members. Further, individualized litigation would create the danger of inconsistent or contradictory judgments arising from the same set of facts. Individualized litigation would also increase the delay and expense to all parties and the court system from the issues raised by this action. By contrast, a class action provides the benefits of adjudication of these issues in a single proceeding, economies of scale, and comprehensive supervision by a single court, and presents no unusual management difficulties under the circumstances here. Trial of Plaintiffs' and Class Members' claims is manageable, and economies of time, effort, and expense will be fostered and uniformity of decisions will be insured. Without a class action, the Class Members will continue to suffer damages and Defendant's violations of law will proceed without remedy while Defendant continues to retain and reap the proceeds of their wrongful conduct.

56. Defendant has acted and refused to act on grounds generally applicable to the class by engaging in uniform marketing and advertising campaigns designed to deceive consumers by describing in general terms of the containing deceptive and misleading representations as well as material omissions that misled Plaintiffs and the Class, thereby making appropriate final injunctive relief with respect to the classes as a whole.

## COUNT I

**Violation of the Florida Deceptive and Unfair Trade Practices Act**
**Florida Statutes Section 501.201**

57. Plaintiffs restate and reallege paragraphs 1 through 56 as if fully set forth therein.

58. Plaintiffs assert this cause of action on behalf of themselves and the Class.

59. Plaintiffs and Class members are "consumers" as defined by Florida Statute §501.203(7), and the subject transactions are "trade or commerce" as defined by Florida Statute §501.203(8).

60. The Florida Deceptive and Unfair Trade Practices Act ("FDUTPA") was enacted to protect the consuming public and legitimate business enterprises from those who engage in unfair methods of competition, or unconscionable, deceptive, or unfair acts or practices in the conduct of any trade or commerce.

61. For the reasons alleged herein, Defendant Westgate violated and continues to violate FDUTPA by engaging in the herein described unconscionable, deceptive, unfair acts or practices proscribed by Florida Statute §501.201, et seq. Defendant Westgate's scheme to lure non-English speaking consumers or consumers with limited English proficiency to take a tour and attend a sales presentation, to conduct said tour and sales presentation orally in the consumers' preferred, non-English language, but then to provide to and require these foreign-language speaking consumers to execute purportedly legally-binding timeshare sales documents only in English, a language in which they have no or limited proficiency, was likely to, and did in fact, deceive and mislead members of the public, including Plaintiffs, who were consumers acting reasonably under the circumstances, to their detriment.

62. Had Westgate provided accurate translations of the sales contract, credit application, and sales-related disclosures to Plaintiffs and Class Members at any time prior to, contemporaneously with or immediately following the tour and sales presentation given to them, Plaintiffs and Class Members would not have entered into a contract to purchase a timeshare interest from Westgate.

63. Defendant Westgate's actions alleged herein constitute unconscionable, deceptive, or unfair acts or practices because Defendant Westgate failed to deliver contract documents and all sales related disclosures to Plaintiffs and Class Members in the same language Defendant Westgate used to market and sell Plaintiffs and Class Members. Defendant failed to disclose and omitted material facts regarding its timeshare interests by not providing sales contracts, credit applications and sale-related disclosures to Plaintiffs and Class Members in the both English and in the same language Westgate used to conduct the pre-sales tour and sales presentation to Plaintiffs and Class-Members, thereby offending an established public policy, and engaging in immoral, unethical, oppressive, and unscrupulous activities that are substantially injurious to consumers.

64. Plaintiffs and the Class reserve the right to allege other violations of FDUTPA as Defendant Westgate's conduct is ongoing.

65. As a direct and proximate result of the unconscionable, unfair, and deceptive acts or practices alleged therein, Plaintiffs and Class Members have been damaged and are entitled to recover actual damages to the extent permitted by law, in an amount to be proven at trial. Plaintiffs also seek recession of the timeshare purchase contracts they and Class Members have entered into with Westgate as a result of the deceptive and unfair trade practices alleged herein to have occurred.

66. In addition, Plaintiffs seek equitable relief and to enjoin Defendant Westgate from having tours and sales presentations at Westgate-branded resorts conducted in a non-English language while failing to provide sales documents to consumers in both English and in that same language; or Plaintiffs seek equitable and injunctive relief on any other terms that the Court considers reasonable.

67. Finally, Plaintiffs seek an award of reasonable attorneys' fees and costs under FDUTPA.

## COUNT II

### Violation of the Florida Vacation and Timeshare Plans Act
### Florida Statutes Section 721.21

68. Plaintiffs restate and reallege paragraphs 1 through 56 as if fully set forth therein.

69. Plaintiffs and Class Members purchased timeshare interests for a Westgate-branded timeshare resort that are governed by the Florida Vacation and Timeshare Plans Act, codified at Florida Statutes Section 721.01 et seq.

70. Westgate has failed to comply, and has failed to ensure those acting on its behalf have complied, with the advertising and disclosure requirements of the Florida vacation and Timeshare Plans Act through its conduct alleged herein.

71. In particular, Florida Statutes Chapter 721 has mandatory disclosure requirements for contracts for the purchase of timeshare interests and governs the contents of certain "advertising material." *See, e.g.,* §§ 721.06, 721.11.

72. By mandating that Plaintiffs' and Class Members' sales presentations be conducted in Plaintiffs' and Class Members' preferred, non-English language but then be provided all sales-related documents written only in English, Defendant, and its agents and representatives, fail to provide the disclosures required by Florida Statutes Chapter 721 and fails to comply with the limitations on and requirements for "advertising material" under Florida Statutes Chapter 721.

73. By providing sales and marketing materials in Plaintiffs' and Class Members' preferred, non-English language but yet failing to provide Plaintiffs and Class Members with identical versions of these materials in English, Defendant, and its agents and representatives,

16

fail to comply with the limitations on and requirements for "advertising material" under Florida Statutes Chapter 721.

74. As a direct and proximate result of the failure to comply with Florida Statutes Chapter 721 as alleged herein, Plaintiffs and Class Members have been damaged and are entitled to recover damages to the extent permitted by law, in an amount to be proven at trial. Plaintiffs also seek recession of the timeshare purchase contracts they and Class Members have entered to purchase a Westgate-branded resort as a result of the practices alleged herein to have occurred in violation of Florida Statutes Chapter 721.

75. In addition, Plaintiffs seek equitable relief and to enjoin Defendant Westgate from mandating that its agents and representatives conduct tours and sales presentations in a non-English language while failing to provide sales documents to consumers in both English and in the that same language or on any other terms that the Court considers reasonable.

76. Finally, Plaintiffs seek an award of reasonable attorneys' fees and costs under Section 721.21, Florida Statutes.

## NOTICE OF ENTITLEMENT TO ATTORNEYS FEES AND COSTS

Plaintiffs are entitled to an award of their attorneys' fees and costs pursuant to Florida Statute § 501.211 and § 721.21. Plaintiffs are obligated to pay their attorneys a reasonable fee and reimburse their attorneys for reasonable costs expended in defending this action.

## DEMAND FOR TRIAL BY JURY

Pursuant to Federal Rule of Civil Procedure Rule 38, Plaintiff hereby demands a trial by jury.

WHEREFORE, Plaintiffs, on behalf of themselves and the Class Members, pray for judgment against Defendant as follows:

A. Certification of this case as a class action;

B. Appointment of Plaintiffs as representatives of the Class;

C. Appointment of the undersigned as Class Counsel;

D. Holding Defendant liable to Plaintiffs and Class Members for damages in such amount as the Court or Jury may determine;

E. Awarding compensatory damages against Defendant in favor of Plaintiffs and the Class for damages sustained as a result of Defendant's wrongdoing, together with interest thereon;

F. Judgment in favor of Plaintiffs and Class Members against Defendant for damages, in an amount to be determined at trial, caused by Defendant's conduct alleged herein;

G. Judgment rescinding their timeshare purchase from Defendant;

H. Judgment declaring Defendant's conduct alleged herein as unlawful and enjoining Defendant from further such violations of the law;

I. Judgment for punitive damages in accordance with 15 U.S.C.S. §1691(e);

J. Awarding Plaintiffs and Class Members attorneys' fees and all litigation costs; and,

K. Awarding Plaintiffs and Class Members such other equitable and legal relief as the Court deems just and proper.

Dated February 9, 2016

*/s/ J. Andrew Meyer*_____
Michael D. Finn, Esq.
Fla. Bar No. 0089029
J. Andrew Meyer, Esq.
Fla. Bar No. 0056766
Patrick A. Kennedy, Esq.

                                                    Fla. Bar No. 97973  
                                                    **Finn Law Group, P.A.**  
                                                    10720 72nd St., Ste. 305  
                                                    Largo, Florida 33777  
                                                    T: (727) 214-0700  
                                                    F: (727) 475-1494  
                                                    michaeldfinn@finnlawgroup.com  
                                                    [ameyer@finnlawgroup.com](mailto:ameyer@finnlawgroup.com)  
                                                      patrick@finnlawgroup.com  
                                                    pleadings@finnlawgroup.com